UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENDRICKA SANDIFER                CIVIL ACTION

VERSUS                              NO: 11-1798

ORLEANS PARISH GOVERNMENT,       SECTION: "J"(1)
ET AL.

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment **(Rec. Doc. 15)** filed by Defendants, Marlin Gusman and Joseph Lucien. The motion was set for hearing on October 10, 2012. Plaintiff, Kendricka Sandifer, has filed an opposition **(Rec. Doc. 18)**. The Court finds that Defendants' Motion for Summary Judgment should be **GRANTED IN PART** and **DENIED IN PART** for reasons explained more fully below.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

On July 25, 2011, Plaintiff filed the instant employment discrimination lawsuit naming the Orleans Parish Government, through Orleans Parish Criminal Sheriff ("OPCSO"),[1] Sheriff Marlin

---

[1] In her complaint, Plaintiff named OPCSO as a defendant, in addition to Gusman and Lucien, and asserted that OPCSO was her employer and that Gusman and Lucien were her supervisors. (Compl., Rec. Doc. 1, ¶¶ 2-3) The Court dismissed Plaintiff's claims against OPCSO, her purported employer, without prejudice, because that entity is non-existent. (Rec. Doc. 6) However, Plaintiff never amended her pleadings to replace the references to OPCSO and clarify that the claims outlined in the Complaint against OPCSO are actually stated against Gusman, Plaintiff's actual employer.

Gusman ("Gusman"), and Lieutenant Joseph Lucien ("Lucien") as defendants. (Compl., Rec. Doc. 1) In her verified complaint, Plaintiff alleges that beginning in November of 2004, she was employed with OPCSO[2] as a Sheriff's Deputy and later promoted to Court Captain. (Compl., Rec. Doc. 1, ¶ 3) Plaintiff alleges that throughout her employment, Lucien, her supervisor, created a sexually hostile working environment by pressuring Plaintiff to have a sexual relationship with him over the course of six years. (Compl., Rec. Doc. 1, ¶ 4) Plaintiff does not specify when the alleged sexual harassment began, but she alleges that Lucien sexually harassed her by repeatedly making sexual advances against her through verbal statements, text messages, and unwanted touching. (Compl., Rec. Doc. 1, ¶ 4) Plaintiff further alleges that Lucien followed her around at work and away from work, often parked his car outside of her residence, repeatedly asked her to move in with him, offered to provide for her financially if she would engage in sexual activities with him, and ultimately moved his residence across the street from Plaintiff so that he could continue to watch her. (Compl., Rec. Doc. 1, ¶ 4) Plaintiff claims that Lucien made sexual advances against her in front of other co-workers, constantly made references to her body, and retaliated

---

[2] See supra n. 1.

2

against her, after she rebuffed his sexual advances, by continuously threatening and attempting to write her up and threatening to fire her. (Compl., Rec. Doc. 1, ¶ 4) Plaintiff asserts that in the course of making his sexual advances, Lucien engaged in unwelcome and unwanted physical contact with her which caused her emotional distress. (Compl., Rec. Doc. 1, ¶ 4)

According to Plaintiff, she complained about the workplace sexual harassment and after-work advances to her supervisors, including Gusman, on multiple occasions, but neither Gusman nor the other supervisors, took any action to remedy the alleged sexual harassment. (Compl., Rec. Doc. 1, ¶ 5) She alleges that when she complained to Gusman, he stated that he was not concerned about her complaint. (Compl., Rec. Doc. 1, ¶ 5) She also alleges that when she told Gusman that she had filed a complaint with the EEOC, he told her that the next time he spoke to her would be with attorneys. (Compl., Rec. Doc. 1, ¶ 6)

Although Plaintiff claims at one point that her supervisors did "nothing" to remedy the sexual harassment (Compl., Rec. Doc. 1, ¶ 5), she also claims that at some point in 2009, after she allegedly filed a sexual harassment complaint with the EEOC, the Sheriff's Office temporarily remedied the situation by removing Lucien as her supervisor, and telling him to stay away from her. (Compl., Rec. Doc. 1, ¶ 6) However, Plaintiff alleges that at some

point in 2010, Lucien resumed "management duties" over her by calculating payroll and certifying the accuracy of her timecard. (Compl., Rec. Doc. 1, ¶ 7) Plaintiff further alleges that from the time Lucien was reinstated to management duties over her in 2010 until the filing of the instant lawsuit on July 25, 2011, Lucien continued to pursue a "non-work related friendship" with her. (Compl., Rec. Doc. 1, ¶ 7)

Based on her allegations, Plaintiff asserted claims against OPCSO,[3] Gusman, and Lucien for sexual harassment and retaliation under 42 U.S.C. § 1983, assault, battery, and intentional infliction of emotional distress. (Compl., Rec. Doc. 1, ¶¶ 10, 12, 13, 14) Plaintiff also asserted a claim against OPCSO[4] for reprisal under L.A. R.S. 23:967. (Compl., Rec. Doc. 1, ¶ 11)   Although Plaintiff did not explicitly refer to Title VII in her complaint, she asserted that she had timely filed discrimination charges with the EEOC on August 27, 2009 and that on April 25, 2011, the EEOC had issued a Notice of Right to Sue. (Compl., Rec. Doc. 1, ¶ 18) In the Charge of discrimination accompanying Plaintiff's Complaint and right to sue letter, Plaintiff named "Orleans Parish Criminal" as the respondent, alleged that she was the victim of retaliation, and complained that since July 31, 2009, an individual not named as a

---

[3] See supra n. 1.

[4] See supra n. 1.

defendant in the instant lawsuit, Captain Carl Haydel, had singled her out and required her to report her whereabouts throughout the work day. (Rec. Doc. 1, p. 11) Plaintiff also alleged in the Charge of discrimination that Gusman retaliated against her by telling her that he was not concerned about her complaint of unwanted sexual harassment and that Gusman's "attitude and demeanor" regarding the filing of her discrimination charge clearly indicated that he was "upset" that she had filed a discrimination charge against the Sheriff's Department with the EEOC. (Rec. Doc. 1, p. 11) Plaintiff further asserted in her Charge of discrimination that Gusman refused to conduct an impartial investigation into her complaint of unwanted sexual harassment, and asserted that she believed she had been discriminated against in retaliation for filing a charge of discrimination with the EEOC. (Rec. Doc. 1, p. 12).

Plaintiff claimed that as a result of the alleged sexual harassment and retaliation, she sustained damages, including but not limited to, lost wages and benefits, medical and psychological expenses, severe emotional distress, mental anguish, humiliation and embarrassment. (Compl., Rec. Doc. 1, ¶ 9) She also sought punitive damages. (Compl., Rec. Doc. 1, ¶ 19).

### PARTIES' ARGUMENTS

Defendants, Lucien and Gusman, argue that all of the Plaintiff's claims should be dismissed, because Plaintiff has not

presented any evidence of any of the allegations that she makes in her complaint against Gusman and Lucien. According to Defendants, the affidavits of Gusman and Lucien are the only available evidence, and as there is no evidence countering their version of events, there is no factual dispute about any material facts.

Defendants specifically argue that the Plaintiff's claims against Gusman and Lucien under 42 U.S.C. § 1983 in both their individual and official capacities should be dismissed. Defendants argue that Gusman can only be held liable in his official capacity for failure to train or supervise under § 1983 if one of his deputies committed a constitutional violation. They further argue that Gusman cannot be held liable in his official capacity under § 1983 for failure to train or supervise Lucien, because the undisputed evidence shows that Lucien did not sexually harass plaintiff.

Defendants also argue that they cannot be found liable in their individual capacities under § 1983. Defendants argue that under § 1983 case law, public officials are afforded immunity from suits for civil damages for their discretionary acts as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants argue that the only action plaintiff alleges that Gusman took — failing to take disciplinary action against Lucien —

6

was a discretionary act that was objectively reasonable in light of
the disciplinary board's recommendation. They argue that Gusman
should not be found to have committed a constitutional violation,
but that if the Court finds a constitutional violation, Gusman is
entitled to qualified immunity for his performance of a
discretionary act.

Defendants argue that plaintiff's claims for assault and
battery should be dismissed, because the undisputed evidence shows
that plaintiff was never touched, threatened, or placed in fear of
her safety.

Defendants argue that plaintiff's claim for intentional
infliction of emotional distress should be dismissed, because
plaintiff is unable to establish any of the required elements. They
further argue that the Defendants' conduct does not rise to the
level of being "extreme and outrageous," even if all of the
allegations in the plaintiff's complaint are taken as true.

Defendants argue that to state a claim for reprisal under La.
R.S. 23:967, the plaintiff must be aware of a workplace practice or
act in which a violation of law actually occurred, and that
Plaintiff's reprisal claim should be dismissed, because she is
unable to produce any evidence to show that the Defendants violated
any law.

Plaintiff has filed an opposition in which she states that the

Defendants' motion for summary judgment should be granted in all respects, except as to Title VII. Although Plaintiff never mentioned Title VII by name in her Complaint, Plaintiff claims in her opposition to Defendants' motion for summary judgment that she "inartfully pleaded" a Title VII harassment claim by identifying an EEOC charge of discrimination and right to sue letter in Paragraph 18 of her Complaint and attaching both documents to her Complaint. Plaintiff further asserts that before filing the instant lawsuit, she filed two charges of discrimination with the EEOC. The first charge was related to the alleged sexual harassment by Lucien, and the second charge was related to alleged retaliation by Carl Haydel, an individual not named as a defendant in the instant suit.

Plaintiff explains that she did not attach the first charge related to the alleged sexual harassment by Lucien, or a right to sue letter, because she never received a right to sue letter for that charge. Instead, Plaintiff attached the second charge of discrimination and right to sue letter relating to alleged retaliation by Carl Haydel to her sexual harassment Complaint. Plaintiff asserts that she will be requesting a right to sue letter for the first charge of discrimination related to Lucien's sexual harassment. Plaintiff also asserts that she will be filing an EEOC retaliatory discharge claim and seeking an immediate right to sue letter, because she was fired after she filed the instant lawsuit.

Although Plaintiff appears to doubt whether Defendants seek dismissal of her "inartfully stated" Title VII harassment claim,[5] she argues that "the presumed motion to dismiss the Title VII claim," should be denied, because the declaration under penalty of perjury shows that the Lucien created a sexually hostile work environment, that Gusman did not investigate Plaintiff's complaint of sexual harassment, and that Gusman retaliated against Plaintiff through Captain Haydel who allegedly launched a write-up campaign against Plaintiff that ended in Plaintiff's termination.[6]

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c));

---

[5] In their memorandum in support of their motion for summary judgment, Defendants seek dismissal of the *matter* and specifically request that the Court dismiss *all* of the Plaintiff's claims against them with prejudice. (Rec. Doc. 15-1, p. 2, 9-10)Thus, Defendants clearly intended to seek dismissal of any and all claims Plaintiff stated in her Complaint based on the claimed lack of evidence controverting Lucien and Gusman's affidavits.

[6] Plaintiff had not yet been terminated when she filed the instant lawsuit.  In her Complaint, Plaintiff alleged that her immediate supervisor, Lucien, threatened to fire her or write her up if she did not respond to his alleged sexual advances and that Gusman ignored her complaints of sexual harassment. (Compl., Rec. Doc. 1, ¶¶ 4, 5) She also alleged that in 2009, after she filed an EEOC complaint, Lucien was temporarily removed from a supervisory role, but resumed "management duties" over her in 2010 by calculating payroll and certifying the accuracy of her timecard. (Compl., Rec. Doc. 1, ¶¶ 6 , 7) However, in her opposition to Defendants' motion for summary judgment, Plaintiff alleges for the first time that she was terminated in retaliation for filing the instant lawsuit.

<u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." <u>Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.</u>, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." <u>Id.</u> at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. <u>See</u> <u>Celotex</u>, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. <u>See</u> <u>id.</u> at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. <u>See, e.g.</u>, <u>id.</u> at 325; <u>Little</u>, 37 F.3d at 1075.

## DISCUSSION

Because the Plaintiff has consented to the dismissal of all of her claims against Defendants except for her Title VII claim, the Court finds that the Defendant's motion should be granted with respect to Plaintiff's claims under state law for assault, battery, intentional infliction of emotional distress, and reprisal, and Plaintiff's claims under 42 U.S.C. § 1983.

Plaintiff opposes the dismissal of her Title VII claim, and Defendants did not specifically address Plaintiff's Title VII claims in their motion. Defendants' motion is largely predicated on the fact that Plaintiff had not yet been deposed when Defendants filed the instant motion despite the passage of the discovery

deadline.[7] Defendants reasoned that there were no genuine issues of material fact in this matter, because there was no evidence countering the version of events described by Gusman and Lucien in their affidavits. However, Defendants overlooked the fact that Plaintiff's complaint was verified. (Pl.'s Compl., Rec. Doc. 1, p. 9) A verified complaint can be considered as summary judgment evidence to the extent it comports with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. King v. Dogan, 31 F.3d 344, 246 (5th Cir. 1994) (citing Barker v. Norman, 651 F.2d 1107, 1114-15 (5th Cir. 1981)). Because the allegations in Plaintiff's complaint were verified, there was evidence controverting Defendants' version of events when they filed the instant summary judgment motion. In addition, Plaintiff has submitted a declaration under penalty of perjury controverting many of the facts that Defendants assert are undisputed. Although Plaintiff did not mention Title VII by name in her complaint, she attached a right to sue letter, alleged that Lucien "created a sexually hostile working environment," alleged that her employer "continued to foster a hostile work environment," and asserted that her employer was liable to her for "retaliation," thereby putting

---

[7] The original discovery deadline was September 28, 2012. (Rec. Doc. 11) In the pretrial conference on October 18, 2012, the Court continued the trial, which was originally set on November 13, 2012 until June 10, 2012 in order to allow Plaintiff additional time to obtain certain right to sue letters from the EEOC. (Rec. Doc. 22) Thereafter, the Court issued a new scheduling order extending the discovery deadline until April 23, 2012 to allow Defendants to depose Plaintiff. (Rec. Doc. 23)

Defendants on notice of a Title VII claim. (Pl.'s Compl. Rec. Doc. 1, ¶¶ 4, 8, 10, 18) As the movants, Defendants bore the initial burden on the instant motion.   Because Defendants completely neglected to address Plaintiff's Title VII claim, the Court finds that Defendants failed to carry their burden.   Thus, the Court finds that Defendants' motion should be denied with respect to Plaintiff's Title VII claim.

However, as the Fifth Circuit has explained:

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC . . . Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'

<u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378-79 (5th Cir. 2002) (internal citations omitted).

Plaintiff claims she has filed multiple charges of discrimination with the EEOC as a result of events that unfolded both prior and subsequent to the filing of the instant lawsuit. (Pl.'s Opp., Rec. Doc. 18, p. 2, n. 1) At present, Plaintiff has never provided the Court with either the charge of discrimination she allegedly filed as a result of the sexual harassment described in her complaint or with a right to sue letter for that charge. Plaintiff candidly admits in her opposition to Defendants' motion

13

that she never received a right to sue letter for the charge of discrimination that she allegedly filed as a result of the sexual harassment described in her complaint.[8] (Pl.'s Opp., Rec. Doc. 18, p. 1) Plaintiff assured the Court in her opposition that she would be requesting the right to sue letter. (Pl.'s Opp., Rec. Doc. 18, p. 2, n. 1) Similarly, Plaintiff's counsel assured the Court in the pretrial conference held on October 18, 2012 that he would be requesting the right to sue letter. To date, Plaintiff has failed to provide either the charge of discrimination or the right to sue letter corresponding with the alleged sexual harassment to the Court. Thus, at present, it appears that Plaintiff has not exhausted her administrative remedies, which is a precondition to filing an employment discrimination lawsuit. This action was filed over a year ago, and Plaintiff has had ample time to obtain and provide the Court with proof of the charge of discrimination and right to sue letter. Thus, the Court finds that it is appropriate at this juncture to dismiss Plaintiff's Title VII claims without prejudice.

---

[8] The pertinent portion of Plaintiff's opposition states:

[Plaintiff] had filed two charges, a first having to do with sexual harassment by Lucien, and a second having to do with retaliation by Carl Haydel, and, by implication, Gusman. She did not attache the first charge which alleges sexual harassment and undergirds the federal complaint, and because she has never gotten a Right-to-sue letter for that charge, did not attach a corresponding letter.

(Pl.'s Opp., Rec. Doc. 18, p. 1)

14

In addition, Plaintiff has alleged for the first time in her opposition to the instant motion that she was fired in retaliation for filing the instant sexual harassment lawsuit. Plaintiff states that she "will be filing an EEOC retaliatory discharge claim and seeking an immediate letter." (Pl.'s Opp. Rec. Doc. 18, p. 2, n.1). Clearly, Plaintiff has not exhausted her administrative remedies with respect to her new retaliatory discharge claims. Moreover, "[t]he scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Thomas v. Texas Dept. of Criminal Justice, 220 F.3d 389, 393 (5th Cir. 2000) (alterations added). Even assuming that Plaintiff had provided the Court with a charge of discrimination corresponding to the alleged sexual harassment, which she allegedly filed sometime in 2008 or 2009, prior to filing the instant lawsuit, Plaintiff's new allegations of retaliatory discharge subsequent to the filing of the instant lawsuit would still be beyond the scope of the instant lawsuit. Any EEOC investigation of Plaintiff's charges of sexual harassment that may have occurred in 2008 or 2009 obviously could not have extended to a claim of retaliatory discharge occurring several years in the future. If Plaintiff wishes to pursue a claim against her employer for retaliatory discharge, she may file a lawsuit after she has: (1) filed her charge of discrimination with the

15

EEOC, and (2) received a right to sue letter for that claim, thereby exhausting her administrative remedies and satisfying all preconditions to suit.

Accordingly, **IT IS ORDERED** that Defendants' motion for summary judgment **(Rec. Doc. 15)** is **GRANTED** with respect to Plaintiff's claims under 42 U.S.C. § 1983 and Plaintiff's claims under Louisiana law for assault, battery, reprisal, and intentional infliction of emotional distress.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment **(Rec. Doc. 15)** is **DENIED** with respect to Plaintiff's claims under Title VII.

**IT IS FURTHER ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims under Louisiana law for assault, battery, reprisal, and intentional infliction of emotional distress are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claims are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 14th day of December, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

16